José V. FIGUEROA REYES, Plaintiff and Appellant, *v.* MODESTA LUGO ET AL., Defendants and Appellees; THE PEOPLE OF PUERTO RICO, Intervener and Appellee.

No. 5934. Argued March 18, 1932.—Decided July 22, 1932.

*A. Marín Marién* for appellant. *Luis Ríos Algarín* for appellees. *Charles E. Winter, Attorney General,* and *Harry B. Llenza* for intervener and appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

On May 5, 1931, José V. Figueroa filed in the District Court of San Juan a complaint entitled injunction (*interdicto*), wherein he alleged, in brief, that for a year he had been in possession of a parcel of land in Santurce which is duly described; that the defendants were erecting a house in a part of said parcel over the objection of the plaintiff. He prayed for restoration of the possession of the land, for the demolition of that part of the house already built, and for an order enjoining the defendants from the commission of any future trespasses.

The defendants moved to strike out certain allegations of the complaint and demurred thereto on the grounds of ambiguity and insufficiency. They also answered denying the facts of the complaint and alleging that the house they are building is located on lands belonging to The People of Puerto Rico which were conveyed to them for that purpose.

At that stage of the proceeding, The People of Puerto Rico asked leave to intervene. After such leave was granted, it filed an answer stating that the house of the defendants was being erected on lands belonging to the intervener and which form part of a larger tract that was duly described.

After the issue was thus joined, the case went to trial and the court, on June 9, 1931, rendered judgment against the plaintiff. The judgment is based on a statement of the case and opinion from which we transcribe the following:

"The evidence for the plaintiff José Víctor Figueroa consisted in his own testimony and that of José Franco, Pedro Cruz, Francisco Barril, Antonio Morales, José Márquez, Irene Olivero, and Manuel Aybar; and it tends to show that the house that was being erected by the defendants at the time of the filing of the complaint, was located on land of José Víctor Figueroa, but no acts of possession of the lot on which the house stands were shown to have been exercised by Mr. Figueroa. All these witnesses began their testimony by saying that they knew Ambrosio Matos and that the latter lives in a house built on lands belonging to José Víctor Figueroa. The evidence for the plaintiff also tends to show that in the vicinity of the house in question, there are three other houses, built on lands owned by the plaintiff.

"The evidence for the defendants and for the intervener consisted in the testimony of Modesta Lugo, Luis Cancel, Joaquín Navarro, Enrique Castro González, and Enrique Ortega and, in addition a view of the premises was taken at the request of both parties.

"It appears from the evidence for the defendants and for the intervener that Modesta Lugo asked from the Department of the Interior permission to refill the lot on which her house is located, and that this lot was assigned to her by Enrique Ortega, a representative of the Department of the Interior. That the defendant refilled the swampy lot, having engaged for this purpose the witnesses Luis Cancel and Vicente Aponte, and her husband, defendant Ambrosio Matos.

"The witness Joaquín Navarro also testified, and he stated that he is a watchman of the lands owned by The People of Puerto Rico, and that it is his duty to watch over the property of The People of Puerto Rico, in order to prevent the cutting of mangrove trees, the moving of boundary marks, and the appropriation of the land of The People of Puerto Rico. That for six years he has been engaged in that work there and that the lot where the house of the defendants is located forms part of the property under his charge, which has been possessed by The People of Puerto Rico for several years.

"Engineer Ortega corroborated the testimony given by Modesta Lugo, and stated that eight months before, he granted the lot in question to Modesta Lugo, which is lot No. 4 of block 'J' of the plan of said lands; and that just as he granted that lot to Modesta Lugo he has granted other lots to other persons who have built their houses there, and who have refilled, of course, the swampy land upon which they have erected their homes. During the inspection of the premises, on the 13th of June last, the court noticed that really the house of Modesta Lugo and Ambrosio Matos is erected on a lot recently refilled, as defendant Modesta Lugo said, and it also noticed that the adjacent lots had also been refilled and that they were a part of the swampy land that surrounds said lots.

"Really the evidence is conflicting, and it appears that the plaintiff is trying to settle a conflict of title in an injunction proceeding to recover possession, which, as expressly declared by the law and by the holdings of our Supreme Court in the cases of *People* v. *Galarza,* 41 P. R. R. 604, *Fernández* v. *González,* 41 P. R. R. 719, *Fajardo Sugar etc.* v. *Central Pasto Viejo Inc.,* 41 P. R. R. 817, *Vicente* v. *Ortiz,* 38 P.R.R. 95, and other cases, is not the proper remedy to settle the conflicts of ownership title, but only to recover the possession or occupancy of real property which has been possessed during the year next preceding the filing of the complaint, with or without right thereto.

"The evidence for the plaintiff does not satisfy us, nor does it show that the plaintiff has been in possession of the lot in question within the year next preceding the filing of the complaint, and therefore a judgment of dismissal, with costs to the plaintiff, must be entered."

Feeling aggrieved by that judgment, the plaintiff took an appeal to this Supreme Court. He assigns in his brief nineteen errors. The first fifteen assignments relate to the introduction of the evidence; sixteenth and seventeenth, to the

weight thereof; and eighteenth and nineteenth, to the judgment in general and to the imposition of costs in particular.

Besides the statement of the case, we have examined carefully the bill of exceptions and the arguments set out in the briefs of the parties in relation to the first fifteen errors, and we think that no prejudicial error was committed. The question at issue was not the ownership title, but the fact of the material possession for a year. *A* may be fully entitled to the ownership, and hence to the possession of an estate, and yet if the estate has been occupied by *B* during one year next preceding the filing of the complaint, *A* would be barred from instituting as against *B* an injunction proceeding to recover possession. He must resort to other remedies provided by law for the purpose of enforcing his rights. This has been repeatedly decided by this Court, and an examination of all the assignments of error in the light of that doctrine justifies the announced conclusion.

With reference to the errors relating to the weighing of the evidence we must say that they were not committed either. We have examined the evidence. It is conflicting. And from our analysis of it, we do not feel justified in concluding that the trial judge committed error in adjusting the conflict, especially after having made an inspection of the premises as he did.

The judgment entered is the logical consequence of the pleadings and of the evidence. The eighteenth error assigned is nonexistent.

The nineteenth and last assignment is argued as follows:

"We regard as unjust the imposition of costs to the plaintiff even if a reversal of the judgment were not proper. In order to justify the imposition of costs on the losing party, obstinacy (*temeridad*) must be proved, and even if the plaintiff herein did not make out a case, he introduced sufficient evidence to show that he had good reasons to believe that he was the owner of the land. We consider that in view of the attendant circumstances the court abused its discretion in imposing costs on the plaintiff."

In a case of this kind we can not even go into a discussion of the discretion of the court. See the holding in the case of *Solís* v. *Castro*, 36 P.R.R. 284, 285, invoked by the intervener and appellee, as follows:

"Section 5 of Act No. 43 of March 13, 1913, reads:

" 'That the court shall render judgment without undue delay. Costs shall be taxed against the party against whom judgment is rendered.'

"In the case of *Ortiz* v. *Silva, et al.*, 28 P.R.R. 387, this court interpreted that section and after quoting it said:

" 'The statute is clear and needs no interpretation.

" 'Judgment having been entered against the defendants, the costs should have been imposed upon them by a mandatory provision of the law; therefore that part of the judgment appealed from by the plaintiff must be reversed.'

"The recent case of *People* v. *Oms*, 35 P.R.R. 689, is also applicable by analogy."

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.